Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| MARTA I. HERNÁNDEZ HERNÁNDEZ<br><br>Peticionaria<br><br>v.<br><br>EASTERN AMERICAN INSURANCE AGENCY, INC., UNIVERSAL INSURANCE COMPANY<br><br>Recurrido | TA2025CE00560 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2022CV05880<br><br>Sobre: Despido Injustificado Procedimiento Sumario al Amparo de la Ley 2 de 17 de octubre de 1961 |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2025.

Comparece la peticionaria, Sra. Marta I. Hernández Hernández (peticionaria), mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 23 de septiembre de 2025. Mediante el referido dictamen, el foro primario declaró No Ha Lugar una *Moción de Relevo de Sentencia* incoada por la parte peticionaria.

Por los fundamentos que se exponen a continuación, se deniega la expedición del auto de *certiorari*. Veamos.

### I.

El 16 de noviembre de 2022, la peticionaria presentó una *Querella* sobre despido injustificado, al amparo de la *Ley de indemnización por despido sin justa causa,* Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.*, y discrimen en el empleo por razón de edad, de conformidad con la

*Ley contra el discrimen en el empleo,* Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 *et seq.,* así como discrimen en violación a su intimidad, vida privada y familiar, en contra de Eastern American Insurance Agency, Inc. y Universal Insurance Company (en conjunto, parte recurrida).[1] La referida causa de acción fue instada al amparo del procedimiento sumario de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*

En esencia, alegó que trabajó para la parte recurrida durante 46 años. Asimismo, sostuvo que, en el 2022, enfrentó una suspensión que excedió los tres meses, lo cual, a su juicio, configuró un despido sin justa causa en su modalidad de despido constructivo, debido a que presuntamente violentó la política de vacunación compulsoria contra el COVID-19 de la empresa. Esto, a pesar de que la peticionaria aseguró que presentó evidencia médica para que la parte recurrida pudiera eximirla de administrarse una cuarta dosis de la vacuna contra el COVID-19. Adujo, además, que la situación antes descrita constituye un supuesto de discrimen por razón de edad en el empleo, debido a que la parte recurrida únicamente les exigió la cuarta dosis de la vacuna contra el COVID-19 a sus empleados mayores de 50 años de edad, grupo al que ella pertenece.

Entre los remedios solicitados, la peticionaria reclamó el pago de la mesada que se contempla en la Ley Núm. 80. Así también, instó una causa de acción por los daños y perjuicios que alegó sufrir, como consecuencia de las acciones de la parte recurrida.

Luego de varias incidencias procesales, el juicio en su fondo se llevó a cabo los días 29 y 30 de abril de 2025. Tras dirimir la

---

[1] Entrada Núm. 1 del caso núm. BY2022CV05880 del SUMAC.

prueba presentada en el juicio, el foro primario emitió una *Sentencia* el 9 de julio de 2025, que fue notificada al día siguiente.[2] En síntesis, de conformidad con la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, desestimó una causa de acción por violación al derecho a la intimidad que también estaba incluida en la *Querella*. En cuanto al resto de las causas de acción instadas, el foro primario las declaró No Ha Lugar. La peticionaria no solicitó reconsideración ante el foro primario, ni apeló el dictamen ante este foro intermedio.

El 8 de septiembre de 2025, la peticionaria presentó una *Moción de Relevo de Sentencia*, conforme a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.[3] En esencia, argumentó que, en su sentencia, el foro de primera instancia analizó la reclamación sobre despido constructivo, mas no adjudicó en sus méritos la teoría alegada, y que además incurrió en error de derecho. Por su parte, en cumplimiento con una orden emitida por el foro *a quo* para que se expresase en torno a la referida moción de relevo de sentencia, el 22 de septiembre de 2025, la parte recurrida presentó un escrito de oposición.[4]

Así, tras evaluar la postura de las partes, el 23 de septiembre de 2025, el foro primario emitió y notificó una *Resolución*.[5] Mediante esta, declaró No Ha Lugar la *Moción de Relevo de Sentencia* instada por la peticionaria.

Inconforme, el 3 de octubre de 2025, la peticionaria acudió ante este foro mediante el recurso de epígrafe y señaló los siguientes errores:

> El TPI abusó de su discreción, violentando el debido proceso de ley, al denegar el relevo de sentencia pese a un cambio sorpresivo del marco de análisis de la causa de acción de despido—de la teoría alegada de despido por suspensión de empleo por más de tres (3) meses bajo el Artículo 5 de la Ley 80 a una de despido

---

[2] Entrada Núm. 80 del caso núm. BY2022CV05880 del SUMAC.
[3] Entrada Núm. 81 del caso núm. BY2022CV05880 del SUMAC.
[4] Entrada Núm. 83 del caso núm. BY2022CV05880 del SUMAC.
[5] Entrada Núm. 84 del caso núm. BY2022CV05880 del SUMAC.

constructivo— lo que constituye error extrínseco bajo la Sección 6 de la Ley 2 y *Peña Lacern v. Martínez Hernández*, 2022 TSPR 105.

En la alternativa, la interpretación de la Regla 49.2 de las de Procedimiento Civil, según insertada en la Sección 6 de la Ley Núm. 2, debe armonizarse a la luz de la lectura persuasiva de la decisión del Tribunal Supremo de los Estados Unidos en *Kemp v. United States*.

EL TPI cometió error de derecho al fundamentar la conclusión sobre la suspensión exclusivamente en las determinaciones de hecho (¶¶ 79–80) que no sustituyen el juicio jurídico requerido por el Artículo 5 de la Ley 80 ni enfrentan la propia documentación de la querellada sobre la licencia sin sueldo impuesta a la querellante y los requerimientos para su regreso al trabajo.

Evaluado lo anterior, le ordenamos a la parte recurrida mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. En cumplimiento con la referida orden, el 20 de octubre de 2025 la parte recurrida compareció mediante un escrito que tituló *Oposición a "Certiorari"*, en el que rechazó que el foro primario incurriera en los errores señalados por la peticionaria en el recurso de epígrafe.

El 12 de octubre de 2025, la peticionaria presentó una moción, mediante la cual solicitó autorización para presentar una réplica a la *Oposición a "Certiorari"* presentada por la parte recurrida, la cual fue declarada No Ha Lugar.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). En lo sustantivo, se le considera un recurso extraordinario, mediante el cual un foro revisor está facultado para

enmendar los errores que cometió el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley". Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

En cuanto al aspecto procesal de este recurso extraordinario, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 codifica la revisión de los dictámenes interlocutorios del Tribunal de Primera Instancia. Sin embargo, y a pesar de que la citada regla no lo contempla, el Tribunal Supremo ha expresado que el *certiorari* también es el vehículo procesal adecuado para solicitar la revisión de resoluciones y órdenes post sentencia. Véase, *Banco Popular de Puerto Rico v. Gómez Alayón*, 213 DPR 314, 336-337 (2023); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).

En cualquiera de estos escenarios, es aplicable la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, en la medida que esta dispone los criterios que el foro revisor debe considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). El Tribunal Supremo también ha expresado que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Luego de evaluar los señalamientos de error planteados en el recurso de epígrafe, a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra*, consideramos que no existe criterio jurídico que justifique nuestra intervención para revocar la *Resolución* recurrida. En primer lugar, es importante subrayar que el Tribunal Supremo ha sido claro al disponer que una moción de relevo de sentencia no puede ser sustitutiva de los recursos de reconsideración o revisión.[6]

---

[6] Véase, *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 449 (2003).

En ese sentido, llama a nuestra atención el hecho de que la peticionaria nunca solicitó la reconsideración de la *Sentencia* emitida por el foro primario, ni apeló el referido dictamen ante este foro. Máxime, cuando en los errores formulados, la peticionaria adujo, entre otras cosas, que el foro primario incurrió en "abuso de discreción" y que "cometió error de derecho".

De este modo, somos del criterio que, mediante lo argumentado en el recurso de epígrafe, la peticionaria no justificó que este foro ejerciera su discreción, de conformidad con la Regla 40 de nuestro Reglamento, *supra*, para intervenir con el criterio del foro sentenciador y relevarle de los efectos de una *Sentencia* que ya es final, firme e inapelable. Consecuentemente, procede denegar el auto discrecional solicitado.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones